**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard A Schonfeld,<br><br>  Plaintiff,<br><br>v.<br><br>Sunshine Auto Sales Incorporated, et al.,<br><br>  Defendants. | No. CV-20-08303-PCT-DLR<br><br>**ORDER** |

This is a breach of warranty action arising from Plaintiff's purchase of a motor home manufactured by Defendant Thor Motor Coach, Inc. ("Thor") and sold to Plaintiff by Defendant Sunshine Auto Sales, Inc. ("Sunshine"). As part of the purchase, Plaintiff was required to sign a Warranty Registration Form, which contains a forum-selection clause identifying Indiana as the "[e]xclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and implied warranties[.]" (Doc. 16-2 at 3.) At the time of purchase, Plaintiff also was provided a written copy of the Limited Warranty, which contains a similar forum-selection clause. (*Id.* at 15.) Thor and Sunshine move to dismiss this action or, in the alternative, to transfer venue to the United States District Court for the Northern District of Indiana in accordance with the forum-selection clause. (Doc. 16.) The forum-selection clause does not apply to Defendant Ford Motor Company ("Ford"), but Ford has no opposition to a transfer of venue. (Doc. 19.) Plaintiff opposes a transfer. (Doc. 18.)

An agreement containing a valid forum-selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59 (2013). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When determining whether the convenience of the parties and witnesses favor a transfer, a court ordinarily weighs multiple factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The calculus changes, however, when the parties have agreed to a contract containing a valid forum-selection clause. In such circumstances, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic*, 571 U.S. at 63 (internal quotation and citation omitted). A forum-selection clause requires a district court to adjust its usual § 1404(a) analysis in three ways: (1) the plaintiff's choice of forum merits no weight, (2) the court should not consider arguments about the parties' private interests, but may consider public-interest factors,[1] and (3) when a party files suit in a different forum than agreed to in the forum-selection clause, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.* at 63-64

Plaintiff's opposition to a transfer is based on his denial that he signed the Warranty Registration Form and his belief that his signature on that document was forged. (Doc.

---

[1] "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common." *Atlantic*, 571 U.S. at 64 (internal quotations and citation omitted).

18.)  The Court does not need to determine the authenticity of Plaintiff's signature, however, because the Warranty Registration Form is not the only document that contains a forum-selection clause.  The Limited Warranty contains a similar forum-selection clause and Plaintiff does not deny that he received a copy of the Limited Warranty.  To the contrary, Plaintiff has sued to enforce the provisions of the Limited Warranty, thereby acknowledging both the Limited Warranty's validity and its applicability to him.  Plaintiff cannot pick and choose which terms of the Limited Warranty to abide.  Moreover, the Warranty Guide provided to Plaintiff states, in relevant part:

> When you request and accept performance of warranty repairs under the terms of this Limited Warranty, you are accepting all terms of this Limited Warranty, including by way of example, warranty limitations and disclaimers, the forum selection clause and the clause reducing the time period when suit must be filed for breach.

(Doc. 16-2 at 12.)  Plaintiff admittedly submitted his motor home for repairs under the Limited Warranty, thereby accepting its terms.  Accordingly,

**IT IS ORDERED** that Thor and Sunshine's motion to transfer venue (Doc. 16) is **GRANTED**.  This matter shall be transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a) and the Limited Warranty's forum-selection clause.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions related to the filing of the motion to transfer venue (Doc. 18) is **DENIED**.

Dated this 26th day of January, 2021.

Douglas L. Rayes
United States District Judge